## WEILL *v.* CLOSE *et al.*

(*Supreme Court, General Term, Fifth Department.* April 13, 1892.)

NOTE—SUBSTITUTED CONSIDERATION.

In an action on a note it appeared that plaintiff contracted to sell to defendant certain land; that defendant gave the note in question for the first payment; that thereafter defendant and one S. entered into an oral contract, by which the land was directed to be conveyed to S., which plaintiff did. *Held*, that plaintiff was not a necessary party to the oral contract, and that the note was binding, as its original consideration was executory, and as the new consideration substituted by the defendant had been carried into effect by plaintiff.

Appeal from circuit court, Erie county.

Action by Henry Weill against Charles J. Close, impleaded with another, on a promissory note. From a judgment entered on a verdict directed for plaintiff, defendant Close appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Simon Fleischmann,* for appellant. *Moses Shire,* for respondent.

MACOMBER, J. This action was upon a promissory note executed by the appellant, Close, as maker, to one Joseph Bork, and by the latter transferred to the plaintiff. No question is made but that the plaintiff has no other rights in the premises as holder of the note than were possessed by Joseph Bork, the payee. The note was given in renewal of a previous note of like amount between the same parties. The consideration of the original note, as well as of the renewal, was the first installment or payment upon a contract for the sale of land entered into by Bork with the defendant Close. The land which was particularly contracted for by the defendant Close had been in fact conveyed by the plaintiff, to whom the contract had been assigned, to another person than the defendant Close; and upon this ground it is claimed that there was a failure of consideration for the note, and that, consequently, this action cannot be maintained. No intervening rights of third persons appearing, this contention would be quite conclusive, if it expressed the whole of the case. But after the execution of the contract, and after the maturity of the note, an arrangement was entered into between the defendant Close, one Sniggs, and one Kendall, by which certain portions of the lands contracted for with Bork, and which had been turned over to the plaintiff, and which were, by the original contract, to be conveyed to Close, were in fact directed to be conveyed to Sniggs. It is true that this arrangement was oral, but it was followed by an actual conveyance made by the plaintiff to Sniggs, under circumstances which indicated a direction by the defendant Close. It is argued by the counsel for the appellant that, as neither Bork nor Weill was ever a party to this oral contract, the same was void, and that the conveyance by the plaintiff of the land to Sniggs was not in pursuance of any valid contract. In this proposition we cannot concur with counsel. The evidence is entirely satisfactory to the effect that the plaintiff made the conveyance to Sniggs of these lands, which were originally contracted to be conveyed to the defendant, in pursuance of the oral arrangement made between Close, Sniggs, and Kendall. It appears, therefore, that the original consideration of the note was executory in its nature, and that any other consideration might be substituted therefor by arrangement of the parties. It is a case of a substituted consideration. Where the consideration in a written agreement is executory, the parties may substitute for such consideration any new obligation; and, if the same is carried into effect, as was done in this case, it has the same binding force as though the original consideration was paid or discharged. If this view be correct, it follows that the judgment appealed from should be affirmed. All concur.